**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANITA L. HARRIS,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant - Appellee.

No. 13-35378

D.C. No. 3:12-cv-00395-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 3, 2015
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

    Anita Harris appeals the district court's judgment affirming the

Commissioner's denial of disability insurance benefits ("DIB") and supplemental

security income ("SSI"), alleging several errors. She requests that we reverse and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

remand for an award of benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Substantial evidence supported the ALJ's decision to discredit the opinions of Harris's treating physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ did not err in crediting treating surgeon Dr. Soldevilla's opinion only to the extent it was consistent with Harris's residual functional capacity ("RFC"). The ALJ reasonably interpreted Dr. Soldevilla's statement that Harris would have "difficulty" working in a full-time competitive work environment as equivocal. This interpretation comported with the ALJ's ultimate determination that Harris could perform less than the full range of sedentary work.

**2.** Nor did the ALJ err in rejecting medical source statements from Harris's treating physician, Dr. Mitchell. Inconsistencies in Dr. Mitchell's opinions undermined his credibility. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). For example, although Dr. Mitchell did not object to Harris's efforts to seek full-time employment in 2007 and opined in June 2008 that she could perform sedentary-to-light work, he stated in a December 2008 letter, without examining her in the interim, that she was permanently unable to work. Moreover, Dr.

Mitchell failed to support several of his opinions, such as his assessment of radiculopathy, with objective medical evidence.

**3.** The ALJ did not err in rejecting Harris's subjective pain testimony as not credible. The ALJ provided two specific, clear, and convincing reasons for his credibility determination. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). First, he cited objective medical evidence that conflicted with Harris's claims of debilitating pain. Second, he provided substantial evidence of Harris seeking "increasingly infrequent care." Although an ALJ should not reject a claimant's credibility if the claimant has "good" reasons for gaps in her treatment, *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007), failure to assert a good reason may "cast doubt on the sincerity of the claimant's pain testimony," *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Harris contends on appeal that she did not want to risk another failed surgery. Although this is an acceptable reason under the governing regulations, 20 C.F.R. §§ 404.1530(c)(3), 416.930(c)(3), Harris did not assert this reason before the ALJ, and in any event, she has failed to explain the nearly two-year gap in pursuing any other kind of medical treatment, such as visiting a primary care physician for medications, physical therapy, or pain management.

**4.** The ALJ did not fail to exercise his duty to fully and fairly develop the record. "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks omitted); *see also* SSR 96-5p. Harris argues that the ALJ should have requested additional records pertaining to Harris's cervical spine impairment, including workers' compensation records, independent medical examinations, and physical therapy and chiropractic treatment plans. Yet Harris fails to explain why the record was ambiguous or inadequate without these documents or that the missing documents would have compelled a more favorable outcome.

Because we affirm the denial of benefits, we need not address Harris's remaining arguments.

**AFFIRMED.**